```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**CHARLES DANIEL REED,**

    Plaintiff

v.                                      CIVIL ACTION NO. 2:04-0214

**ANNETT HOLDINGS, INC. and
ANNETT HOLDINGS, INC.,
d/b/a TMC TRANSPORTATION, INC. and
FORTUNE EXPRESS, INC., and
FORTUNE EXPRESS, INC.
d/b/a FORTUNE XPRESS, INC.,
and K.T.L., L.C., and
PRINCIPAL LIFE INSURANCE COMPANY,**

    Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

    Pending are Plaintiff Charles Daniel Reed's motions (1) to reconsider the court's April 20, 2006, memorandum opinion and order ("opinion"), (2) for a hearing, (3) to sever, and (4) for leave to file a proposed, revised second amended complaint ("motion to amend")[1], all filed May 8, 2006.

---

[1] The proposed, revised second amended complaint ("second amended complaint") is the pleading presently pending for consideration before the court.  The second amended complaint is to be distinguished from the proposed second amended class action complaint ("class complaint") previously rejected by the April 20, 2006, opinion.

Regarding the requested hearing, the parties have filed significant briefing on all pending issues. Inasmuch as the written submissions adequately present the parties' contentions, argument would not aid the decisional process. The court, accordingly, ORDERS that Reed's motion for a hearing be, and it hereby is, denied.[2]

I.

The opinion addressed Reed's motions to extend time to complete discovery, for leave to file the class complaint, and James D. Stidfole's motion to intervene as a plaintiff. The 23 page opinion resulted from the very substantial briefing submitted by the parties, including Reed's 38 page memorandum in

---

[2]The court's law clerk contacted counsel for all parties on October 30, 2006. Plaintiff's counsel was queried on four separate points. First, plaintiff's counsel advised that it was his preference to proceed on the class complaint submitted previously and rejected by the court in its opinion. The instant motion to reconsider was spawned by that opinion. Second, attached to the instant motion to amend is the second amended complaint, discussed more fully within. Counsel advised that, absent permission to proceed on the class complaint, he would, in the alternative, seek to proceed on this newly proposed second amended complaint. Third, counsel noted that if the court allowed the second amended complaint, he would require an additional 90-120 days for discovery. Fourth, plaintiff's counsel advised that his sole concern with filing a separate action containing his new proposed claims was a perceived, and unspecified, concern about the statute of limitations.

support seeking leave to file the class complaint. The court does not revisit its discussion of the factual and procedural posture. Only the highlights are recounted here.

In sum, the court commenced its examination of the history of this action with an analysis of the case, at its inception, against the "trucking company defendants," being all defendants other than Principal Life Insurance Company ("Principal"). In particular, the court noted the relative simplicity of the case against the trucking company defendants upon its institution in February 2004.

The initial scheduling order was entered on May 12, 2004. In June 2004, the complaint was amended to add Principal, and the existing two claims for breach of contract and common-law fraud against the trucking company defendants were expanded to include an additional claim alleging violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Additionally, the amended pleading pled against both the trucking company defendants and Principal a claim for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Reed conceded this amendment alone served to substantially increase the number of issues and complexity of the case. (Op. at 6).

As discovery proceeded, the court generously extended the scheduling order on two occasions. These extensions resulted in Reed being allotted a rather remarkable total of sixteen (16) months for discovery. On September 15, 2005, the date set as the final deadline for the completion of the discovery, Reed moved anew for a modification of the scheduling order. As grounds for the requested extension, Reed contended (1) depositions were rescheduled for two months to accommodate a discontinuity of counsel for Principal, (2) a delay resulted from the unavailability of certain trucking company and Principal deponents, (3) new evidence had surfaced from Gail Winkler, a telephone representative for Principal who claims her employer engaged in a systematic scheme to avoid consideration and payment of claims submitted by certain plan members, and (4) the trucking company defendants' provision of late disclosures responsive to earlier discovery requests, perhaps necessitating new depositions.

The motion for modification additionally sought (1) a lifting of the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules, (2) consideration of then-promised motions (a) to add Stidfole as a party plaintiff, (b) for summary judgment as to Reed's status as an

employee as opposed to an independent contractor[3] and to declare the trucking company defendants violated ERISA by failing to have their plan file required financial statements, and (c) for leave to file a second amended complaint. On September 22, 2005, the court observed the necessity of reviewing the as-yet un-submitted, proposed amended complaint prior to ruling on the motion to extend. A briefing order was entered that same day.

On October 18, 2005, Reed moved for leave to file the class complaint. The same day, Stidfole moved to intervene. The class complaint was a stark departure from its predecessors. A facile comparison between the number of paragraphs in the amended pleading, 52, and the class complaint, 145, illustrated the point. Further, from a more substantive standpoint, the second amended pleading would have, inter alia, (1) added Stidfole as a party plaintiff, (2) pled a class action, (3) sought to represent

---

[3]The court observes the determination of employee or independent contractor status is often a fact bound inquiry. See, e.g., Morrison v. International Programs Consortium, Inc., 253 F.3d 5, 10 (C.A.D.C. 2001) (Judge Henderson observing for the panel that "Whether an individual is an 'employee' within the meaning of the FLSA is a legal question. Nevertheless, '[a]ny subsidiary factual issues leading to this conclusion are, of course, questions of fact for the jury.'") (citations omitted); Herr v. Heiman, 75 F.3d 1509, 1513 (10th Cir. 1996) ("Whether an individual is an employee or an independent contractor is generally a question of fact for the jury to decide."); Castillo v. Givens, 704 F.2d 181, 185 (5th Cir. 1983).

a class of 135-500 class members as to the breach of contract and common-law fraud claims, and (4) altered the ERISA claims substantially, adding a fifth count and class claims that pled various violations of certain additional ERISA requirements for a class estimated, at one point, at 1500 members.

In determining the impact upon this action from a case management and scheduling perspective, one need look no further than Reed's own estimates of what these new allegations would have required:

> Plaintiff's counsel acknowledges that the Motion for Leave to file a Second Amended Complaint presents numerous issues of law and fact, the sequence of determination of which could have bearing on case management and scheduling issues. . . . Plaintiff anticipates that substantial time for discovery and adjudication of dispositive motions and issue narrowing motions will be needed.
>
> . . . .
>
> It is anticipated that granting of this Motion for Leave to Amend will necessitate a new trial date and scheduling order to manage <u>what could be deemed a more complex action . . . . Plaintiff anticipates another twelve (12) months to eighteen (18) months for discovery and other preliminary matters before the case would be ripe for final pretrial matters</u>.

(Pl.'s Mot. for Leave to Amnd. at 39 (emphasis supplied)).

In seeking prior modifications of the scheduling order in October 29, 2004, and March 31, 2005, Reed represented that "all of the Defendants ha[d] been cooperative and diligent in

6

requesting discovery and in responding to discovery requests . . . ."  (Op. at 6; see Op. at 7).

The court noted the motion for leave to file a second amended complaint fell outside the deadline for amended pleadings set early in the case.  This necessitated a showing by Reed that the amendment did not run afoul of either Federal Rule of Civil Procedure 15(a) or Rule 16(b).  Following a review of precedent, the court concluded it was incumbent upon Reed to demonstrate his diligence in pursuing the case under the existing scheduling order and its predecessors and the absence of prejudice to the non-moving parties.

In denying the motion for leave to file a second amended complaint, the court observed good cause was lacking.  In view of its impact on the motion to reconsider, it is necessary to quote the opinion at length:

> Although it appears Reed undertook substantial discovery, there are several indications that diligence has been lacking in some respects. First, Reed contends in his motion for enlargement that he was unable to depose Jennifer Meinders-Thorington at some point between September 7-9, 2005.  It appears the deponent was, however, disclosed by the trucking company defendants on July 21, 2004, as an individual with discoverable information.
>
> Similarly, plaintiff complains that Sheri Post, Principal's compliance evaluation analyst, was not made available for her September 9, 2005, deposition due to

7

a death in her family.  According to opposing counsel, however, Post was identified on August 20, 2004, in response to Reed's first interrogatories.  Indeed, the trucking company defendants respond that "[d]espite having information identifying Sheri Post as having knowledge of the claim and procedures, and production of Reed's entire claims file in August [2004], counsel did not request the opportunity to depose Ms. Post for more than six months."

Third, Reed should have known from the outset of this action that others similarly situated likely suffered harms similar to his.  For example, he asserts that (1) the actions in this case, "[(2)] the Fedex action[, discussed in his briefing] and [(3)] the actions filed by the Owner Operator Independent Drivers Association [OOIDA] mentioned . . . [in his briefing] are symptomatic of a pattern of overreaching and economic abuse by segments of the trucking industry directed towards those least able to protect their rights or defend themselves."  Some of the referenced OOIDA actions were filed as early as 2000. If the abuses Reed complains of were as endemic as he suggests, the propriety of class claims ought to have occurred to him at the outset of this action.

Finally, apart from considerations of diligence, Reed essentially proposes to insert a new, complex, and substantially more involved piece of class litigation into what was initially a simple individual claim. The court is cognizant of the fact that discovery often spawns pleading amendments. The scale of the proposed amendment here, along with the additional discovery and proceedings to develop it, would result in this action pending for perhaps several more years. This would be anticipated in view of, inter alia, 12 to 18 months of additional discovery, class certification briefing and resolution, potential appeals resulting therefrom, pretrial proceedings, a jury trial on some issues, a bench trial on other issues, and claims disposition as to affected class members. Rule 16(b) would be rendered meaningless if such late-rising, substantial alterations of the case were permitted. Based upon the foregoing, the court finds Reed has not demonstrated good cause to alter the pleading-amendment deadline. In

8

> view of this finding, the court need not reach
> defendants' substantial arguments under Rule 15(a)
> concerning the prejudice they would confront if forced
> to defend against the second amended complaint. The
> court, accordingly, ORDERS that Reed's motion for leave
> to file a second amended complaint be, and it hereby
> is, denied.

(Op. at 14-16 (citations omitted)).

In view of its denial of the motion for leave to file a second amended complaint, the court additionally denied Reed's corresponding motions to extend time to complete discovery and to allow Mr. Stidfole to intervene. At the conclusion of the opinion, the court observed as follows:

> Nevertheless, it appears that some discovery
> remains. The court is prepared to grant a brief
> extension to allow completion of this remaining
> discovery upon proper motion. Further, the court will
> entertain a revised motion for leave to file a more
> narrow, second amended complaint which seeks to add
> only the newly discovered claims as to Reed alone, if
> any. The revised motion and proposed second amended
> pleading must be filed no later than May 1, 2006. If
> the revised motion is granted, the court will allot a
> final, 90 day period to conclude discovery on the
> existing and added claims. If the revised motion is
> denied, the court will allot a final, 30 day period to
> conclude discovery.
>
> The court observes that if Reed is dissatisfied
> with these proposed allotments, he may, of course, file
> the class action he and Stidfole propose to pursue and
> then seek voluntary dismissal of this action.
>
>     . . . .
>
> Based upon the foregoing discussion, the court ORDERS
> as follows:

9

> That Reed be, and he hereby is, directed, no later than May 1, 2006, to (a) advise the court he is prepared to conclude discovery within 30 days, at which time the court will enter a final scheduling order, (b) file a revised motion and proposed second amended pleading in compliance with the foregoing discussion, or (3) advise the court of his intention to pursue a new, separate class action to redress his existing and proposed claims and those of others similarly situated . . . .

(Op. at 21-22).

After the court granted Reed an extension to respond to the opinion, the instant motions were filed. The instant motion for leave to file a second amended complaint attaches the revised, proposed second amended complaint and incorporates the motion to reconsider.[4] As modified, the second amended complaint works a number of changes. First, it appears to drop Reed's proposed class claims. The claims as to Reed himself are retained. The motion to sever seeks the separation of the ERISA claims from the remaining claims.

Finally, the motion to reconsider contends, inter alia, (1) the Rule 15(a) standard for amendments controls, (2) the

---

[4]Reed contends in his motion for leave to file a second amended complaint that the opinion "effectively granted [Reed] leave to file [the second amended complaint] . . . ." (Mot. at 1). Reed cites no basis for this unwarranted conclusion. The assertion finds no support in the opinion, which makes clear that "the court will entertain a revised motion for leave to file a more narrow, second amended complaint . . . ." (Op. at 21).

trucking company defendants "engaged in conduct calculated to mislead and confuse Plaintiff in the discovery process[,]" (Memo. in Supp. of Mot. to File Sec. Am. Compl. at 12), (3) Rule 11 would have prohibited the institution of a class action any earlier than sought here, (4) the very late depositions of certain witnesses were necessary "to wait until others had been deposed, and until as much responsive documentation as possible could be derived . . . ." (Memo. in Supp. of Mot. to Reconsid. at 8), and (5) interests of justice compel a different result so as to permit the class members to pursue their claims as outlined in the class complaint.

II.

A.   The Motion to Reconsider

Despite defendants' protestations to the contrary, the court is vested with the authority to address the motion to reconsider. Our court of appeals has commented upon this authority as it relates to interlocutory orders:

> Motions for reconsideration of interlocutory orders are
> not subject to the strict standards applicable to
> motions for reconsideration of a final judgment. This
> is because a district court retains the power to
> reconsider and modify its interlocutory judgments . . .

> at any time prior to final judgment when such is
> warranted.  Said power is committed to the discretion
> of the district court . . . .
>
> The ultimate responsibility of the federal courts, at
> all levels, is to reach the correct judgment under law.

<u>American Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514-15 (4th Cir. 2003).

Reconsideration is unwarranted in any event.  Regarding Reed's argument concerning the applicable standard for motions to amend the complaint, the court's discussion in the opinion adequately addresses why both Rule 15(a) and 16(b) are relevant.  No further elaboration is necessary.

Regarding the assertion that the trucking company defendants misled and confused the discovery process, Reed offers little to substantiate why he learned of this putatively obfuscatory conduct so late.  As noted in the opinion, Reed's contention is of recent vintage compared with his representations throughout the first 10 months of discovery that "Defendants have been cooperative and diligent in requesting discovery and in responding to discovery requests . . . ." (Pl.'s Mot. for Modif. of Sched. Ord. (Mar. 31, 2005).

Regarding the Rule 11 argument, Reed concedes that he "will not deny a recognition early on of the <u>possibility</u> that the

alleged wrongful conduct by the [t]rucking [c]ompany [d]efendants had also affected other persons similarly situated." (Memo. in Supp. of Mot. to Reconsid. at 8 (emphasis in original)).  This concession lends further support to the opinion's finding that diligence was lacking in some respects.  Armed with the knowledge of a potential for class allegations, one would have expected counsel to pursue that eventuality with much greater haste during the generous 16 month discovery period provided by the court.

Next, Reed contends the very late depositions of certain witnesses were necessary "to wait until others had been deposed, and until as much responsive documentation as possible could be derived . . . ." (Memo. in Supp. of Mot. to Reconsid. at 8).  Reed's briefing, however, ironically buttresses the opinion.  For example, Reed observes that he deposed the trucking company defendant's chief financial officer, Larry J. Clark, on September 8, 2005, just days before the end of a 16 month discovery period.  Reed claims that deposition contradicted previous answers to interrogatories provided by the trucking company defendants, the first batch of which were served on July 14, 2004.

It is unclear why Mr. Clark was deposed so late in the process.  Had Reed taken the deposition of this critical witness earlier, he might have learned at a more appropriate time the

conflicting information he now cites as new.  He would also have had a better chance of making the wicket on good cause.  Reed also fails to observe, again, that he was given what experience has shown is well beyond double the mean time for discovery normally allotted in this district.  It is uncertain why, even accounting for his strategic concerns, his development of the case took so long.  Strategy aside, however, discovery would be an interminable process if its completion awaited a litigant's "hemming in" of his opponent's principals prior to taking key depositions.

Finally, Reed contends the interests of justice compel the requested amendment of the scheduling order to permit the class members to pursue their claims.  The court has not barred the class claimants from pursuing an action.  It has merely observed that good cause is lacking to justify the pursuit of complex and time-consuming class allegations within this action.

Based upon the foregoing, the court ORDERS that the motion to reconsider be, and it hereby is, denied.

**B.    Motion to Amend**

The June 7, 2004, amended complaint is the operative pleading presently.  As noted, the amended complaint added Principal, and pled claims against the trucking company defendants for (1) breach of contract, (2) common-law fraud (3) violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq</u>., and (4) wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 <u>et</u> <u>seq</u>.  The ERISA claim is pled against Principal as well.

The second amended complaint attached to the instant motion to amend seeks additionally to add ERISA claims for (1) violation by "Defendant Annett" of, <u>inter</u> <u>alia</u>, (a) the summary plan description disclosure requirement found in 29 U.S.C. § 1021 (Compl. ¶ 63), and (b) 29 U.S.C. § 1023, which requires the filing, and dissemination upon request, of annual reports, and (2) breach of fiduciary duties by Principal arising out of its putative scheme to divert benefit claims made by Reed.

Reed's showing of good cause relating to these proposed amendments is lacking for the same reasons identified in the opinion.  The court, accordingly, ORDERS that the motion to amend

be, and it hereby is, denied.  In making this ruling, the court observes the action works little, if any, apparent prejudice to Reed for at least two reasons.  First, if the new ERISA claims he seeks to add were truly discovered in August 2005, he identifies no specific limitations bar that would prevent their prosecution in a separate action.  Second, Reed himself appears to recognize this action is properly divisible: "Plaintiff asserts that a severance of the ERISA based causes of action from the other causes of action against the [t]rucking [c]ompany [d]efendants is appropriate under all of the circumstances present herein. . . . Severance into two actions would separate the non-jury ERISA causes of action from the other causes of action against the [t]rucking [c]ompany [d]efendants. . . . Severance into two separate actions would promote efficient litigation management." (Memo. in Supp. of Mot. to Sever at 3).

      Based upon the foregoing, the court ORDERS that the motion to amend be, and it hereby is, denied.  Inasmuch as the additional, proposed ERISA claims in the second amended complaint have been refused, the court further ORDERS that the motion to sever be, and it hereby is, denied as moot.[5]  As set forth in the

---

[5]It is of little moment that the presently pled ERISA denial-of-benefits claim appearing in the June 2004 amended
(continued...)

opinion, the court will allot in a separate revised scheduling order an additional 30 days to complete discovery.

One further observation is in order. In generating the opinion and this ruling, the court has reviewed over 300 pages of briefing, exclusive of voluminous attached exhibits, submitted by the parties on what are essentially procedural matters. All of the court's rulings, of course, are subject to appeal at the appropriate time should the parties so desire an appellate forum. Presently, however, the parties are encouraged to turn their attention to the timely completion of discovery and pre-trial events in preparation for either trial or the amicable resolution of the case.

---

[5](...continued)
complaint would proceed apart from the newly alleged ERISA claims should Reed choose to pursue the latter in a separate action. The denial-of-benefits claim appears to be on the verge of resolution. (Memo. in Supp. of Mot. to Sever at 5) ("While most of the claims for benefits have been paid, there is still an amount remaining owed to beneficiaries of the Plaintiff and also continuing at issue is Plaintiff's entitlement to attorney fees and interest under ERISA."). The trucking company defendants assert, with Reed's apparent concurrence, that only $370.60 in unpaid benefits remains in controversy. In view of the minimal nature of the claim, the court expects the parties to undertake negotiations designed to reach a mutually agreeable compromise leading to the amicable resolution of the claim.

III.

Based upon the foregoing discussion, the court ORDERS that Reed's pending motions (1) to reconsider, (2) for a hearing, (3) to sever, and (4) to amend be, and they hereby are, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 20, 2006

John T. Copenhaver, Jr.
United States District Judge